**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CASEY S. WOODS, #81862**                                                   **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 5:05cv93DCB-JCS**

**PAMELA A. FERRINGTON**                                      **DEFENDANT**

**MEMORANDUM OPINION**

This matter is before the Court, sua sponte, for consideration of dismissal. The plaintiff, an inmate currently incarcerated in the Issaquena County Correctional Facility, Mayersville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendant is Pamela A. Ferrington, criminal defense attorney. The plaintiff has requested monetary damages as relief in this action.

Plaintiff alleges that defendant Ferrington, as his criminal defense attorney, failed to send him a copy of the Mississippi Supreme Court's opinion pertaining to his appeal. Plaintiff states that the opinion was sent to his attorney on January 14, 1997. Plaintiff further claims that he received notice of the ruling in February of 1999 from the Mississippi Supreme Court Clerk and that defendant Ferrington has yet to provide him with a copy of this opinion. Plaintiff complains that he lost a two year and one month time period, to work on his post-conviction motion and that his time for filing for post conviction relief has expired.

Analysis

After reviewing plaintiff's complaint and applying a liberal construction as required by

Haines v. Kerner, 404 U.S. 519 (1972), the Court has come to the following conclusion. The plaintiff's claims are time-barred by the three year statute of limitations.

"[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)." Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993). Because there is no federal statute of limitations for civil rights actions, the general personal injury limitations period for Mississippi applies. See Owens v. Okure, 488 U.S. 235, 249-50 (1989) (A federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983.); Gates v. Walker, 865 F.Supp. 1222, 1230 (S.D. Miss. 1994), aff'd, 62 F.3d 394 (5th Cir. 1995). The Mississippi statute for general personal injury limitations period is three years. Miss. Code Ann. § 15-1-49 (1972), as amended. Even though Mississippi law governs the applicable limitations period, federal law governs when a cause of action under § 1983 accrues. Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" Piotrowski, 237 F.3d at 576 (citing Russell v. Bd. of Trustees, 968 F.2d 489, 493 (5th Cir.1992))(quoting Helton v. Clements, 832 F.2d 332, 335 (5th Cir.1987)), cert. denied,

507 U.S. 914 (1993).[1]  If the plaintiff's limitation period began in January of 1997, when the defendant allegedly failed to provide him with a copy of the opinion filed in his criminal appeal, it would expire in January of 2000.  Even if the Court allows the limitations period to start in February of 1999, when the plaintiff claims he became aware of his alleged injury, the limitations period would expire in February of 2002, some three years prior to the filing of this suit. Therefore, the Court finds the plaintiff's claims to be time-barred and this complaint will be dismissed with prejudice.

A final judgment in accordance with memorandum opinion will be entered.

SO ORDERED, this the 11th day of July, 2005.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE

---

[1] The federal court should also give effect to the forum state's applicable tolling provisions. Rodriguez v. Holmes, 963 F.2d 799, 803 (5th Cir. 1992).  The State of Mississippi does not provide a tolling provision for incarceration.